IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN HOBON,
individually and on behalf of
all others similarly situated,

        Plaintiff,

                                CASE NO. 17-cv-947

   v.

PIZZA HUT OF SOUTHERN WISCONSIN, INC.
d/b/a PIZZA HUT,

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Plaintiff John Hobon, on behalf of himself and all other similarly situated current and former employees who work or have worked as delivery drivers at Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut since December 20, 2014. Plaintiff Hobon has been a delivery driver employed by Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut at times since December 20, 2014. During Plaintiff Hobon's and the respective collective and putative classes' employments since that time, Defendant Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut employed Plaintiff Hobon and its other delivery drivers at either sub-minimum wage rates applicable to tipped employees or below minimum wage rates for their work as delivery drivers. In addition, Defendant Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut required Plaintiff Hobon and

its other delivery drivers to use their own automobiles to deliver pizza and other food items to its customers.  However, since December 20, 2014, Defendant Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut failed to reimburse Plaintiff Hobon and the putative class members for the costs of the use of their vehicles. As a result, Defendant Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut failed to properly compensate Plaintiff Hobon and the other delivery drivers at the mandated minimum wage rates for all hours worked in a workweek in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws.

2.      Plaintiff John Hobon brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. Plaintiff John Hobon brings this action, on behalf of himself and other similarly situated current and former employees, pursuant to Fed. R. Civ. P. 23 for purposes for obtaining relief under Wisconsin's wage and hour laws for unpaid minimum wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

4.      The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Pizza Hut of Southern Wisconsin, Inc. has substantial and systematic contacts in this district.

## PARTIES

6.      Defendant Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut ("PHSW") is a Wisconsin Corporation with its principal place of business located in Madison, Wisconsin.

7.      PHSW's registered agent for service of process in the State of Wisconsin is Richard J. Divelbiss located in Madison, Wisconsin.

8.      Plaintiff John Hobon ("Hobon") is an adult who resides in Rock County in the State of Wisconsin. Plaintiff Hobon has been employed by PHSW as a delivery driver at times since December 20, 2014. Plaintiff Hobon's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is hereby made a part of this Complaint.

9.      Plaintiff Hobon brings this action on behalf of himself and all other similarly situated employees in the FLSA Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Class is defined as follows:

> All persons who have worked at Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut as delivery drivers at any time since December 20, 2014.

10.     Plaintiff Hobon brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Class pursuant to Fed. R. Civ. P. 23. The Wisconsin Class is defined as follows:

> All persons who have worked at Pizza Hut of Southern Wisconsin, Inc. d/b/a Pizza Hut as delivery drivers at any time since December 20, 2014.

11.     The FLSA Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

12.     Since December 20, 2014, PHSW has owned and operated numerous Pizza Hut restaurants throughout Wisconsin – including owning and operating approximately thirty Pizza Hut restaurants in Wisconsin currently.

13.     Since December 20, 2014, PHSW has employed and continues to employ delivery drivers at its Pizza Hut restaurants for the primary job duty of delivering pizzas and other food items to customers.

14.     Plaintiff Hobon has worked as a delivery driver at PHSW's Pizza Hut restaurant located at 2787 Prairie Avenue, Beloit, Wisconsin 53511 at times since December 20, 2014.

15.     The FLSA Classes' putative members work or have worked as delivery drivers at PHSW's Pizza Hut restaurants at times since December 20, 2014.

16.    The Wisconsin Classes' putative members work or have worked as delivery drivers at PHSW's Pizza Hut restaurants at times since December 20, 2014.

17.    Since December 20, 2014, PHSW has suffered or permitted Plaintiff Hobon and the Classes' putative members to deliver pizza and other food items to its customers.

18.    Since December 20, 2014, PHSW has required Plaintiff Hobon and the Classes' putative members to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items while working as delivery drivers for PHSW.

19.    Since December 20, 2014, Plaintiff Hobon and the Classes' putative members have incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while working as delivery drivers for PHSW.

20.    At all times during his respective employment since December 20, 2014, PHSW paid Plaintiff Hobon at a rate of less than $7.25 per hour for his hours worked as a delivery driver.

21.    Specifically, PHSW paid Plaintiff Hobon an hourly rate for $5.00 per hour for his work as a delivery driver since December 20, 2014.

22.    At all times during their respective employments since December 20, 2014, PHSW paid the FLSA Classes' putative members at either a rate of less than $7.25 per hour, or a rate near $7.25 for their hours worked as delivery drivers.

23.     At all times during their respective employments since December 20, 2014, PHSW paid the Wisconsin Classes' putative members at either a rate of less than $7.25 per hour, or a rate near $7.25 for their hours worked as delivery drivers.

24.     At all times during his employment since December 20, 2014, PHSW claimed a tip credit for the difference between Plaintiff Hobon's hourly rate and the mandated minimum wage rate.

25.     At all times during their respective employments since December 20, 2014, PHSW claimed a tip credit for the difference between the FLSA Classes' hourly rates and the mandated minimum wage rate.

26.     At all times during their respective employments since December 20, 2014, PHSW claimed a tip credit for the difference between the Wisconsin Classes' hourly rates and the mandated minimum wage rate.

27.     PHSW reimbursed Plaintiff Hobon at a rate of $.26 per mile for automobile expenses incurred from December 20, 2014 until approximately October 2016.

28.     PHSW reimbursed Plaintiff Hobon at a rate of $.29 per mile for automobile expenses incurred from approximately October 2016 through present.

29.     PHSW reimbursed the FLSA Classes' members at a rate of $.26 per mile for automobile expenses incurred from December 20, 2014 until approximately October 2016.

30.     PHSW reimbursed the FLSA Classes' members at a rate of $.29 per mile for automobile expenses incurred from approximately October 2016 through present.

31.     PHSW reimbursed the Wisconsin Classes' members at a rate of $.26 per mile for automobile expenses incurred from December 20, 2014 until approximately October 2016.

32.     PHSW reimbursed the Wisconsin Classes' members at a rate of $.29 per mile for automobile expenses incurred from approximately October 2016 through present.

33.     Since December 20, 2014, PHSW has not obtained signed tip declarations from Plaintiff Hobon and the Classes' putative members in each pay period that they worked as delivery drivers.

34.     Since December 20, 2014, the per mile reimbursements that PHSW provided to Plaintiff Hobon and the Classes' putative members have not been reasonable approximations of the actual automobile expenses incurred by Plaintiff Hobon and the Classes' putative members in the course of performing their job duties as delivery drivers for PHSW.

35.     Since December 20, 2014, Plaintiff Hobon and the Classes' putative members have incurred actual automobile expenses in the course of performing their job duties as delivery drivers for PHSW that have exceeded the per mile delivery reimbursement provided by PHSW.

36.     Since December 20, 2014, PHSW has failed to notify Plaintiff Hobon and the Classes' putative members of the method and manner in which PHSW would meet its minimum wage obligations to them as tipped employees.

37.     As a result of the above-allegations, Plaintiff Hobon and the Classes' putative members were regularly not compensated the mandated minimum wage rate for all hours worked free and clear of their obligations to PHSW as required by the FLSA and Wisconsin law.

38.     As a result of the above-allegations, PHSW failed to pay Plaintiff Hobon and the Classes' putative members at the mandated minimum wages rates for all hours worked pursuant to the FLSA and Wisconsin law.

39.     PHSW's conduct, as set forth herein, was willful, dilatory, and unjust, and has caused significant damages to Plaintiff Hobon and the Classes' members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40.     Plaintiff Hobon and the FLSA Class that he brings this action on behalf of, are and have been similarly-situated, have and have had substantially similar pay provisions, and are and have been subject to PHSW's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to pay employees federal minimum wage. The claims of Plaintiff Hobon stated herein are the same as those of the FLSA Class he seeks to represent.

41.     Plaintiff Hobon and the FLSA Class seek relief on a collective basis and challenge PHSW's policies and practices, as stated herein, which have led to FLSA minimum wage violations since December 20, 2014.

42.    As a result of the above-alleged uniform pay practices and policies,
PHSW has failed to pay Plaintiff Hobon and the FLSA Class the federal minimum
wage for all hours worked in a workweek since December 20, 2014 in violation of
the FLSA.

43.    The FLSA Class is readily ascertainable. For purpose of notice and
other reasons related to this action, their names, phone numbers, and addresses are
readily available from PHSW. Notice can be provided to the FLSA Class via first
class mail to the last address known to PHSW and through posting at PHSW's
stores in areas where postings are normally made.

<u>**RULE 23 CLASS ALLEGATIONS – WISCONSIN**</u>

44.    Plaintiff Hobon brings his Wisconsin state law claims, pursuant to
Wisconsin wage and hour laws, under Fed. R. Civ. P. 23, on behalf of the Wisconsin
Class for violations occurring on or after December 20, 2015 (the "Wisconsin Class
Period").

45.    The proposed Wisconsin Class members are so numerous that joinder
of all members is impracticable and, more importantly, the disposition of their
claims as a class will benefit the parties and the Court. Although the precise
number of such persons is unknown, and the facts on which the calculation of that
number are presently within the sole control of PHSW, upon information and belief,
there are several hundred members of the Wisconsin Class.

46.    Plaintiff Hobon's claims are typical of those claims that could be
alleged by any member of the Wisconsin Class, and the relief sought is typical of the

relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims of Plaintiff Hobon and that Classes' putative class members arise out of the same company-wide practice and/or policy of PHSW and PHSW benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Hobon and the other members of the Wisconsin Class sustained similar losses, injuries, and damages from the same unlawful policies, practices, and procedures.

47.     Plaintiff Hobon is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained Counsel experienced in complex wage and hour litigation.

48.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from PHSW's actions include, without limitation, the following:

   a) Whether PHSW's common policy resulted in a failure to adequately reimburse Plaintiff Hobon and the Wisconsin Class members for using their own vehicles to deliver Pizza Hut's pizzas and other food items; and

   b) Whether PHSW's common policy resulted in a failure to pay Plaintiff Hobon and the Wisconsin Class members the minimum wage required by Wisconsin law.

49.     A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

50.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

51.     Plaintiff Hobon, on behalf of himself and the FLSA Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

52.     Since December 20, 2014, Plaintiff Hobon and the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

53.     At all times since December 20, 2014, PHSW has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

54.     At times since December 20, 2014, PHSW was an employer of Plaintiff Hobon and the FLSA Class as provided under the FLSA.

55.     As a result of the above alleged practices, PHSW violated the FLSA, 29 U.S.C. §§ 206 *et seq.*, by failing to compensate Plaintiff Hobon and the FLSA Class at the federally-mandated minimum wage for all hours worked in a workweek since December 20, 2014 and failing to meet the prerequisites necessary to pay less than minimum wages.

56.     Plaintiff Hobon and the FLSA Class are entitled to damages equal to the mandated minimum wage rate for all hours worked since December 20, 2014, plus periods of equitable tolling because PHSW acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

57.     PHSW's failure to properly compensate Plaintiff Hobon and the FLSA Class was willfully perpetrated and Plaintiff Hobon and the FLSA Class are therefore entitled to recover unpaid wages dating as far back as December 20, 2014.

58.     Plaintiff Hobon and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage pay described above pursuant to 29 U.S.C. § 216(b).

59.     Alternatively, should the Court find that Plaintiff Hobon and the FLSA Class are not entitled to liquidated damages, Plaintiff Hobon and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

60.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Hobon and the FLSA class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Wisconsin wage and hour laws

61.     Plaintiff Hobon, individually and on behalf of the Wisconsin Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

62.     Since December 20, 2015, Plaintiff Hobon and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

63.     Since December 20, 2015, Plaintiff Hobon and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64.     Since December 20, 2015, Plaintiff Hobon and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65.     Since December 20, 2015, Plaintiff Hobon and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66.     Since December 20, 2015, Plaintiff Hobon and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67.     Since December 20, 2015, PHSW was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

68.     Since December 20, 2015, PHSW was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

69.     Since December 20, 2015, PHSW was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

70.     Since December 20, 2015, PHSW was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

71.     Since December 20, 2015, PHSW was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

72.     Since December 20, 2015, PHSW has employed and/or continues to employ Plaintiff Hobon and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

73.     Since December 20, 2015, PHSW has employed and/or continues to employ Plaintiff Hobon and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

74.     Since December 20, 2015, PHSW has employed and/or continues to employ Plaintiff Hobon and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

75.     Since December 20, 2015, PHSW has employed and/or continues to employ Plaintiff Hobon and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

76.     Since December 20, 2015, PHSW has employed and/or continues to employ Plaintiff Hobon and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

77.     Since December 20, 2015, PHSW had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class for all minimum wages owed pursuant to Wisconsin law and failing to meet the prerequisites necessary to pay less than minimum wage.

78.     Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

79.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum wages.

80.     As set forth above, Plaintiff Hobon and the Wisconsin Class have sustained losses in their compensation as a proximate result of PHSW's violations. Accordingly, Plaintiff Hobon, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring PHSW to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

81.     Under Wis. Stat. § 109.11, Plaintiff Hobon and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

82.     Plaintiff Hobon, individually and on behalf of the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by PHSW, pursuant to the Wis. Stat. § 109.03(6).

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff Hobon, on his own behalf and on the behalf of all members of the Classes, requests the following relief:

a)  An order designating this action as a collective action on behalf of the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b)  An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Class;

c)  An order appointing Hawks Quindel, S.C. as class counsel pursuant to Fed. R. Civ. P. 23;

d)  An order designating Plaintiff Hobon as the Named Plaintiff and representative of the Wisconsin Class as set forth herein;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§221-2202, declaring PHSW's actions as described herein to be unlawful and in violation of Wisconsin law;

g) An order finding that PHSW violated the FLSA and Wisconsin wage and hour laws;

h) An order finding that these violations were willful, dilatory, and unjust;

i) Judgment against PHSW in the amount equal to Plaintiff Hobon's, the FLSA Classes', and the Wisconsin Classes' unpaid minimum wages;

j) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

Dated this 20th day of December, 2017.

Respectfully submitted,


_s/ **Summer H. Murshid**_
Summer Murshid
Bar Number 1075404
Larry A. Johnson
Bar Number 1056619
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442

E-mail: ljohnson@hq-law.com
tmaynard@hq-law.com
smurshid@hq-law.com