IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HOBON, individually and on behalf of
all others similarly situated,

                              Plaintiffs,                         17-cv-947-slc

    v.

PIZZA HUT OF SOUTHERN WISCONSIN, INC.,
d/b/a PIZZA HUT, *et al.*,

                              Defendants.

---

This is a putative collective and class action for damages alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Wisconsin and Illinois wage and hour laws. Before the court are two motions by defendants: (1) a motion under Fed. R. Civ. P. 12(b)(3) and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to compel plaintiffs who signed arbitration agreements to arbitrate their individual claims; and (2) a motion brought under Fed. R. Civ. P. 12(f) and 23 for an order striking the collective and class allegations contained in the Third Amended Complaint. Dkt. 36. For the reasons set forth below, the motion to compel will be granted and the motion to strike will be stayed to allow plaintiffs an opportunity to file an amended complaint that redefines the proposed class.

OPINION

**I. Motion to Compel**

Plaintiff John Hobon brings this collective and class action for damages on behalf of himself and all other similarly situated current and former employees who work or have worked as delivery drivers at Pizza Hut of Southern Wisconsin, Inc., d/b/a Pizza Hut, or of its Wisconsin and Illinois affiliates (collectively, "PHSW") since December 20, 2014. Hobon alleges that

PHSW subjected its delivery drivers to a vehicle reimbursement policy that failed to reasonably approximate their actual expenses, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Wisconsin and Illinois wage and hour laws. The complaint was filed on December 20, 2017. Dkt. 1. On May 21, 2018, the Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), holding that arbitration agreements must be enforced as written and are not unenforceable merely because they prohibit employees from engaging in a collective or class action. As it turns out, three of the eight plaintiffs who have opted in to this suit so far and about 65 percent of the entire putative class executed such arbitration agreements with PHSW.[1]

In reliance on *Epic Systems*, on June 21, 2018, PHSW filed the instant motion to compel these opt-in plaintiffs to arbitrate their claims on an individual basis and for an order striking the class allegations contained in the Third Amended Complaint. Dkt. 36. Plaintiffs concede that they have agreements with PHSW to arbitrate employment disputes on an individual basis and that these agreements are now enforceable under *Epic Systems*, but say PHSW waived its right to arbitrate by willingly participating in this litigation on a collective basis. Plaintiffs say that by participating in pretrial conferences, allowing the court to set a schedule and engaging in discovery without mentioning arbitration or asking the court to stay the case pending a decision from the Supreme Court in *Epic Systems*, PHSW has indicated an intent to proceed in a judicial forum that is inconsistent with a right to arbitrate.

---

[1] These three opt-in plaintiffs—Chase Putnam, Peter Shep and Logan McHone—filed their Notices of Consent to join the lawsuit on April 9, April 25 and May 2, 2018, respectively. Dkts. 27-29. The arbitration agreements that they executed with PHSW required them to arbitrate "any claims . . . concerning wages, expense reimbursements [and] compensation".

It is true that, like any other contractual right, the right to arbitrate may be waived. *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 632, 637 (7th Cir. 2002). Courts will find that a party implicitly waived its right to arbitrate when "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Id*. (citing *Grumhaus v. Comerica Sec., Inc.* 223 F.3d 648, 650 (7th Cir. 2000)). *See also Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Factors the courts consider are whether the party attempting to invoke its right to arbitrate acted diligently in doing so, the extent to which it participated in litigation, the timing of its assertion of its right to arbitrate and the degree of prejudice that would be suffered by the opposing party. *Kawasaki*, 660 F.3d at 994; *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587 (7th Cir. 1992).

The circumstances of this case do not support a finding that PHSW engaged in conduct inconsistent with its right to arbitrate. First, PHSW raised the possibility of arbitration in its answer and affirmative defenses, which included the following:

> Plaintiff is precluded from proceeding in a judicial forum because, upon information and belief, Plaintiff agreed to arbitrate the claims included in the Complaint. The agreement by the parties to arbitrate their disputes is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1 *et. seq*. This action is due to be stayed on the ground that Plaintiff agreed to arbitrate the dispute contained in this lawsuit and a decision is expected from the United States Supreme Court in *Epic Systems Corp. v. Lewis*, Case No. 16-285, addressing whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

Answer, dkt. 15, at 20, ¶ 13.

Thus, PHSW asserted at the earliest opportunity its position that plaintiff's claims might be arbitrable.

Second, until the Supreme Court issued its ruling in *Epic Systems*, PHSW had no "right" of arbitration to assert. The Seventh Circuit had held that arbitration agreements like those at issue in this case that forbade collective arbitration or collective action in any other forum were in violation of the National Labor Relations Act and unenforceable. *Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1151 (7th Cir. 2016), *rev'd*, 138 S. Ct. 1612 (2018). Thus, from the time this suit was filed in late December 2017 until the Supreme Court reversed the Seventh Circuit on May 21, 2018, it would have been futile for PHSW to have moved to compel arbitration for any class members with arbitration agreements. Circuit courts that have considered this question agree that failing to engage in a futile gesture is not inconsistent with a right to arbitrate. *Accord Chassen v. Fidelity Nat'l Fin., Inc.*, 836 F.3d 291, 297 (3rd Cir. 2016) (defendant's participation in litigation for two and a half years without seeking to compel arbitration did not amount to waiver where any attempt to compel arbitration would have been futile until Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 (2011)); *Ackerberg v. Johnson*, 892 F.2d 1328, 1333 (8th Cir. 1989)(" To find that the PJH defendants waived a right they did not have until after *Rodriguez De Quijas* is not only illogical, but also would encourage litigants, in order to avoid a finding of waiver, to file motions they knew to be futile."); *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 466 (10th Cir. 1988) ("There was no requirement that Shearson make a futile attempt to obtain arbitration on the federal claim given the state of the law; indeed, it would be difficult to argue that such an attempt had a basis in existing law."); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) ("Until the Supreme Court's

decision in *Byrd*, the arbitration agreement in this case was unenforceable. Therefore, the Fishers have failed to demonstrate that Becker acted inconsistently with a known existing right to compel arbitration."); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986), *abrogated on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988)) ("This circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver. Thus, appellees' failure to request arbitration prior to the *Byrd* decision is irrelevant to the issue of waiver."). There is no reason to believe the Seventh Circuit would rule otherwise. *See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) (noting that "abnormal" situations might arise to relieve a party of its waiver, such as "unexpected developments during discovery").

Third, the fact that PHSW participated in scheduling conferences and discovery without mentioning arbitration or demanding a stay pending a decision in *Epic Systems* does not suggest that it abandoned its wish to arbitrate. Plaintiff cites no case holding that a party must assert its desire to arbitrate "at every turn" in order to avoid a finding of waiver, particularly where the party raised the possibility of arbitration in its affirmative defenses and the case is in its early stages. Even so, here there were good reasons—consistent with a desire to arbitrate—why PHSW did not seek a stay. For one thing, until Chase Putnam filed his consent to join the suit on April 9, 2018, there was no named plaintiff who had an arbitration agreement, so until then requesting a stay would have been futile.

More significant, however, is the fact that there is a significant sub-class of delivery drivers who do *not* have arbitration agreements with PHSW. Indeed, according to plaintiff, "there is a readily identifiable class of 502 delivery drivers who did not sign an arbitration

5

agreement," Br. in Opp., dkt. 39, at 23. PHSW concedes that litigation in this judicial forum may proceed with respect to these plaintiffs. Reply Br., dkt. 41, at 18. Thus, given the existence of a large sub-class that would be unaffected by the outcome in *Epic Systems*, it is hardly surprising that PHSW did not ask the case to be put on hold until the Supreme Court issued its decision.

Finally, plaintiff has not been prejudiced by PHSW's delay in moving to compel arbitration. As plaintiff concedes, PHSW notified counsel the day after *Epic Systems* was decided that PHSW would not stipulate to conditional class certification and instead would be seeking to compel arbitration. This was only five months after suit was filed, which is not a lengthy time period in a case of this nature. No dispositive motions have been filed, motions to certify the class are not due until December 7, 2018 and trial is not until November 4, 2019, more than one year away. Finally, the resources spent by plaintiff in responding to discovery requests were not wasted, given that this case is likely to proceed in this court with the smaller class of delivery drivers who did not sign arbitration agreements.

In sum, having considered the totality of the circumstances, I find that PHSW's conduct in this case does not support a finding of waiver.

## II. Motion to Strike Class Allegations

In response to PHSW's motion to strike, plaintiff asserts that there remains a readily identifiable class of 502 delivery drivers who did not sign an arbitration agreement. Therefore, plaintiff asks that, in lieu of this court striking the class allegations in their entirety, he be allowed seven days to amend his complaint to narrow the defined class to those drivers for whom

6

PHSW cannot produce a signed arbitration agreement. PHSW does not object to this request, but reserves its right to both contest the anticipated motions for conditional class certification and Fed. R. Civ. P. 23 certification in the event the court allows plaintiff to amend. Reply Br., dkt. 41, at 19. Accordingly, not later than October 10, 2018, plaintiff should file an amended complaint which redefines the class to include only those PHSW delivery drivers who did not sign arbitration agreements with PHSW. The parties are advised to confer on the wording of the amended complaint to avoid further delays in this case.

## III. Confidentiality Provision

As a final matter, plaintiff asks the court (in the event it does not find waiver) to strike the arbitration agreements' confidentiality provision, which provides that the parties agree to submit their disputes to "confidential binding arbitration, instead of going to court." *See* Dec. of Jim Williams, dkt. 38, Exhs. 1-4. Plaintiff argues that this confidentiality requirement should be stricken because it frustrates the "modicum of bilaterality" required to avoid a finding of unconscionability. Br. in Opp., dkt. 39, at 21. However, apart from extracting quotes from various courts that have been critical of confidentiality provisions, plaintiff does not develop any specific facts or even suggest what state's law should control in deciding the question of unconscionability, which is a common law contract defense governed by state law principles. *See, e.g., AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (lower court found contract unconscionable under California law); *Perry v. Thomas*, 482 U.S. 483, 492, 107 S. Ct. 2520, 2527, 96 L. Ed. 2d 426 (1987) ("[S]tate law, whether of legislative or judicial origin, is applicable [to arbitration agreements] if that law arose to govern issues concerning the validity,

7

revocability, and enforceability of contracts generally."). Further, it is not clear that the alleged unfairness of the confidentiality provision is an appropriate subject for this court, rather than the arbitrator. Absent more than general arguments from plaintiff as to why confidentiality provisions are disfavored, I decline to strike the confidentiality provision.

**ORDER**

IT IS ORDERED THAT:

1. Defendants' consolidated motion to compel those plaintiffs with agreements to arbitrate with PHSW to arbitrate their individual claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* is GRANTED.

2. Defendants' motion to strike the collective and class allegations contained in the Third Amended Complaint is STAYED.

3. Not later than October 10, 2018, plaintiff shall file a Fourth Amended complaint, redefining the class to include only those PHSW delivery drivers who did not sign arbitration agreements with PHSW.

4. In the event plaintiff files an amended complaint as ordered, defendants' motion to strike the collective and class allegations contained in the Third Amended Complaint will be DENIED as moot.

5. Plaintiff's request for an order striking the confidentiality provision of the Agreement to Arbitrate is DENIED.

Entered this 2nd day of October, 2018.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge