IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HOBON, individually and on behalf of
all others similarly situated,

                           Plaintiff,

v.

PIZZA HUT OF SOUTHERN WISCONSIN, INC.,
d/b/a PIZZA HUT, *et al.*,

                           Defendants.

OPINION AND ORDER

17-cv-947-slc

---

        Plaintiff John Hobon brings class action and collective action claims against Pizza Hut of Southern Wisconsin, Inc., and its Wisconsin and Illinois affiliates, alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Wisconsin and Illinois wage and hour laws by subjecting its delivery drivers to a vehicle reimbursement policy that failed to reasonably approximate their actual expenses. The court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, because they arise under federal law, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because they are part of the same case or controversy.

        On January 10, 2019, I conditionally certified a FLSA collective action, dkt. 62. Now the parties have reached a settlement agreement and have filed a joint motion for preliminary approval of the settlement agreement negotiated by the parties, certification of the Rule 23 class, conditional certification of an amended FLSA collective class, appointment of John Hobon as class representative and the Hawks Quindel, S.C. law firm as class counsel, and approval of the class notice and settlement procedure outlined in the parties' agreement. Dkts. 94, 95. The court will grant the motions and set a fairness hearing for Thursday, December 12, 2019, at 1 p.m..

BACKGROUND

Plaintiff filed this class and collective action against defendant Pizza Hut of Southern Wisconsin, Inc. on December 20, 2017, alleging violations of the FLSA and Wisconsin wage and hour laws on behalf of certain classes of delivery drivers. Dkt. 1. He later amended his complaint to add additional defendants and class-wide allegations arising under Illinois' minimum wage laws. Dkts. 12, 31, 35. Specifically, plaintiff alleged that defendants violated the FLSA and Wisconsin and Illinois wage and hour laws by paying delivery drivers a sub-minimum wage rate for their work, requiring them to use their personal vehicles to perform their job duties, and failing to adequately reimburse the drivers for their vehicle expenses.

After plaintiff filed his third amended complaint, defendants filed a motion to compel those class members who had signed arbitration agreements to arbitrate their claims. Dkt. 36. I granted the motion as to those putative class members who had signed arbitration agreements with defendants and allowed plaintiff time to file an amended complaint redefining the putative classes. Dkt. 43. Plaintiff filed his fourth amended complaint on October 10, 2018. Dkt. 44. Defendants denied plaintiff's allegations and raised several affirmative defenses. Dkt. 45.

On January 14, 2019, I granted the parties' stipulated motion to conditionally certify a FLSA collective action of all persons who worked for defendants as delivery drivers at any time since December 20, 2014, who were paid less than $7.25 an hour for delivery driver work, and who did not sign arbitration agreements with defendants. Dkt. 62. Notice was sent to the putative class, and numerous employees opted in to the FLSA collective action. Dkts. 64-87.

After the notice period closed, the parties engaged a third-party mediator to attempt to settle the case on a class-wide basis, including those drivers who had signed arbitration agreements with defendants. To facilitate these discussions, defendants produced records

2

showing miles driven by defendants' delivery drivers since December 20, 2014, along with the per-mile reimbursement rates paid to the delivery drivers during this same time period. In consultation with an expert, class counsel determined per-mile rates that counsel believe would have adequately compensated the delivery drivers for their vehicle expenses for each year in the applicable statutory periods. After factoring in liquidated damages and civil penalties, class counsel predicted each class member's total potential damages and shared its estimates with defense counsel in advance of mediation.

With the mediator's assistance, on March 14, 2019, the parties entered into a proposed settlement agreement, subject to the court's approval. The settlement applies to the following classes:

> FLSA Collective Action Members: "All persons who have worked as a delivery driver for Defendants between December 20, 2014 and March 14, 2019 whose names appear on Exhibit 1[1] to the Settlement Agreement and who have timely returned Consent Forms" ("Collective Members"); and

> Rule 23 Class Members: "All persons who have worked as a delivery driver for Defendants between December 20, 2014 and March 14, 2019, whose names appear on Exhibit 1 to the Settlement Agreement and who do not timely exclude themselves" ("Class Members").

Both classes include defendants' delivery drivers who signed arbitration agreements with defendants. As part of the settlement agreement, defendants agree to waive their right to compel these drivers to arbitrate the FLSA and Wisconsin and/or Illinois wage and hour claims at issue in this lawsuit, provided that the arbitration agreements otherwise remain intact. Pay-outs will be made to class members on a *pro-rata* basis in light of their miles driven in the applicable

---

[1] This is a spreadsheet listing all of the potential class members and their pro-rata share of the settlement. As it appears in the record, the spreadsheet's header is titled "Exhibit *A*," not "Exhibit *1*." *See* dkt. 94-2. To avoid confusion, counsel should change the "A" to a "1".

statutory periods, the amount of vehicle expenses allegedly under-reimbursed, and the potential penalties available.

The parties' agreement provides the following with respect to pay-outs for class members:

- Defendants will pay a total of $500,000 into a Settlement Fund, of which $262,887.06 will be split equally into a Class Fund and a Collective Fund, meaning that each fund will receive $131,443.53;

- Putative members of the FLSA Collective Class will be given an opportunity to opt-in to the FLSA settlement, if they have not already done so;

- Members of the Rule 23 Class will receive settlement funds unless they file a valid and timely request for exclusion;

- Each putative Rule 23 class member shall be allocated a pro-rata share of the Class Fund, and those class members who do not exclude themselves will be paid their allocated pro-rata share;

- Two-thirds of the payout to Rule 23 class members will be treated as wages and the remaining one-third shall be treated as income but not wages;

- Each putative FLSA collective member shall be allocated a pro-rata share of the Collective Fund, and those collective members who opt-in to the settlement shall be paid their pro-rata share;

- One-half of each payout to FLSA collective members will be treated as wages and the other half shall be treated as income but not wages;

- Any portion of the Class or Collective Funds attributable to uncashed checks shall be mailed to the parties' elected Cy Pres recipient, the Employee Rights Advocacy Institute for Law & Policy;

- Any funds allocated to individuals that are not claimed (due to individuals who do not opt-in to the settlement or who timely exclude themselves from the settlement) shall revert to defendants;

- Class Counsel will apply for attorneys' fees in the amount of $166,666.67 and costs not to exceed $28,946.78, to be paid from the Settlement Fund;

- Class counsel will apply for the following service payments to individuals who assisted class counsel in resolving this case: $10,000 to the class representative, John Hobon; $1,000 each to Chase Putnam, Ashton Johnson, Thomas Peterson,

and Peter Shep; and $500 each to Marshall Barnes, John Britt, Logan McHone, Andrew Taft, and Marina Younger; and

- $25,000 of the Settlement Fund will be set aside in a "contingency and ongoing cost" fund, with any unused portion to be reallocated to the Class Fund and Collective Fund on a pro-rata basis.

Counsel have identified approximately 1,800 class members. After deducting attorneys' fees, costs, contingency fund and service payments, the average *pro rata* distribution to class members will be $144.03.

ORDER

A. **Preliminary Settlement Approval**

1. Based upon the court's review of the parties' joint motion for preliminary approval of the class and collective action settlement agreement (dkt. 94), as well as the materials submitted in connection with the motion, preliminary approval of the settlement is GRANTED.

2. The court finds that: (a) at this preliminary stage, the proposed settlement "is within the range of possible approval," *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); and (b) it was reached as a result of vigorously-contested litigation to resolve bona fide disputes, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

3. The court also finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations between counsel well-versed in wage and hour class actions.

4. While the court is satisfied that the settlement is facially reasonable, it will scrutinize plaintiff counsel's application for attorneys' fees when the time comes for final approval of the settlement, including reference to counsel's hourly billing records and rates as a factor in determining an appropriate fee award.

5

**B.     Certification of the Rule 23 Class**

5. For settlement purposes only, the court GRANTS the parties' stipulation to class certification and certifies the following class under Fed. R. Civ. P. 23(e) ("the Rule 23 Class"):

> All persons who have worked as a delivery driver for Defendants between December 20, 2014 and March 14, 2019, whose names appear on Exhibit 1 to the Settlement Agreement.

6. The Rule 23 Class meets all of the requirements for class certification under Fed. R. Civ. P. 23(a). The class meets these requirements because:

a) there are approximately 1,800 members of the class;

b) the class members share common alleged issues of fact and law, including:

    i. whether defendants failed to reimburse the Rule 23 Class Members' vehicle expenses in a manner that caused their pay rates to fall below the mandated minimum wage rates in violation of Wisconsin and/or Illinois law; and

    ii. what measure of damages the Rule 23 Class would be entitled to recover, given uncertainties in Wisconsin and Illinois law.

c) the named plaintiff's claims arise from the same factual and legal circumstances as the class members;

d) class counsel are qualified, experienced and able to conduct the litigation; and

e) the named plaintiff's interests are not antagonistic to the class members' interests.

7. The Rule 23 Class also satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. In addition, class adjudication of this case is superior to individual adjudication

because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

**C. Conditional Certification of the Collective Class**

8. For settlement purposes only, the court GRANTS the parties' amended stipulation, dkt. 95, and conditionally certifies the following Collective Class under 29 U.S.C. § 216(b) ("the FLSA Class"):

> All persons who have worked as a delivery driver for Defendants between December 20, 2014 and March 14, 2019 whose names appear on Exhibit 1 to the Settlement Agreement and who have timely returned Consent Forms.

**D.     Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative**

9. The court appoints the law firm of Hawks Quindel S.C. as class counsel because:

a) the law firm meets all the requirements of Fed. R. Civ. P. 23(g);

b) counsel did substantial work identifying, investigating, prosecuting, and settling the Rule 23 class members' claims;

c) counsel have substantial experience prosecuting and settling wage and hour class actions; and

d) Counsel's work litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

10.     The court further appoints plaintiff John Hobon as the class representative of the Rule 23 Class and the conditional FLSA Collective Class in light of his qualifications and membership in the classes, as well as involvement in the Classes to date.

### E. Class Notice and Settlement Procedure

11. The court APPROVES the proposed notice program, proposed Notices of Class Action Settlement, and the Consent (in the form of Exhibits 3(A), 3(B), and 4 to the Settlement Agreement (dkts. 94-4, 5, and 6)).

12. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

13. There are two proposed notices: one for potential class members with arbitration agreements, and one for those without. The notices satisfy each of the requirements of Fed. R. Civ. P. 23(c)(2)(B) and adequately put the Rule 23 and FLSA Collective Action class members on notice of the proposed settlement. The notices are stated in plain language and give potential class members enough information to make informed decisions about whether to participate, including the effects of participation on their arbitration rights. They describe the options open to class members: how to object and how to opt-out of the Rule 23 class, and how to opt-in to the FLSA class. Finally, the notices warn class members that by failing to opt-out or by choosing to opt-in, they will be giving up their rights to bring their own claims against defendants.

14. Per the settlement agreement, the claims administrator must send notice to the classes within 15 days of the date of this order.

15. Class counsel shall file a petition for approval of attorney fees and costs no later than November 8, 2019.

16. Class counsel shall file any supplemental brief in support of final approval of the settlement agreement or in response to any objections to the petition for attorney fees and costs no later than November 27, 2019.

17. The final fairness hearing is scheduled for Thursday, December 12, 2019, at 1:30 p.m.

Entered this 8th day of August, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge